■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON VALLE, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 20, 1975, convicting defendant of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him thereupon concurrently to an indeterminate term having a maximum of five years and a definite term of one year, respectively, unanimously reversed, on the law, and the matter remanded for a new trial. In a two-count indictment defendant was charged with criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. The charges stemmed from a purchase of drugs made outside of an apartment which had been under surveillance by two police officers. An immediate search of defendant inside the apartment uncovered the weapon and drugs which are the basis of the charges against him. The seller and another occupant of the apartment were arrested at the same time and charged, in two separate indictments, with crimes which, in the main, related to the operation of a heroin mill in the apartment. These charges included criminal possession in the first degree and criminal sale in the third degree. After a joint suppression hearing, the People moved for consolidation of the three indictments and a joint trial. Over objection the motion was granted. After a jury trial all three defendants were convicted. A reversal of defendant's conviction is mandated. CPL 200.40 (subd 2) permits consolidation of separate indictments and joint trial of two or more defendants only for the same offense or offenses: "If such indictments, in addition to charging the same offense or offenses against the different defendants, charge other offenses not common to all, the indictments may nevertheless be consolidated for the limited purpose of jointly trying such defendants for an offense or offenses common to all. In such case, such indictments remain in existence with respect to any offenses charged therein which are not the subject of the consolidation, and may be prosecuted accordingly." This section was violated by the consolidation and joinder here, and the prejudice to defendant of involving

the charges against him with the operation of a drug mill is obvious. The charges against him could have, and should have been tried without the prejudicial effect of the evidence against the other defendants. To the extent that *People v Lopez* (59 AD2d 767) might be interpreted to suggest a contrary disposition, we are not in agreement. Concur—Murphy, P. J., Sullivan, Lane and Lupiano, JJ.