■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ORTIZ, Appellant. — Judgment, Supreme Court, Bronx County, rendered on May 20, 1975, convicting defendant, after trial by jury, of criminal possession of a controlled substance in the second degree and criminally using drug paraphernalia in the second degree, and sentencing him to indeterminate terms of from six years to life on the possession charge and one year on each of the two drug paraphernalia charges, to be served concurrently, is affirmed. This is the third time this court has been asked to review the circumstances surrounding this crime. On the first occasion, this court affirmed codefendant de Jesus' conviction (People v de Jesus, 60 AD2d 796). On the second occasion, we reversed codefendant Valle's conviction on the grounds of improper joinder and consolidation (People v Valle, 70 AD2d 544). The testimony at trial established that on

the night of October 25, 1974, two detectives, acting on information provided by a confidential informant, observed codefendant de Jesus hand codefendant Valle a glassine envelope containing a white substance, which, after later analysis, proved to be heroin. The officers, who observed this transaction from a concealed location on the building's interior stairway, rushed this apartment before the contraband could be secreted. One detective seized Valle, the purchaser, and recovered 15 glassine envelopes containing heroin and a .32 calibre pistol from him. At the same time, the other detective pursued de Jesus, the seller, into the apartment. Once inside, this detective saw appellant brushing a large quantity of glassine envelopes off a coffee table. In a later search, the officers recovered hundreds of filled glassine envelopes, empty ones, vials, scales and other drug paraphernalia. The Grand Jury, Bronx County, returned indictments charging this defendant, and de Jesus, with, *inter alia,* criminal possession of a controlled substance in the first degree. Additionally, de Jesus was charged on a separate indictment with criminal sale of a controlled substance in the third degree and other related offenses. A third indictment charged Valle with criminal possession of a controlled substance in the seventh degree and criminal possession of a weapon. The trial court, over objection, granted the People's motion to consolidate these indictments. Defense witnesses attempted to establish that the police intruded on a tranquil domestic gathering. These witnesses claimed that no drugs were present in the apartment and it was the police who planted the contraband on the individual defendants and in the apartment. The jury returned a verdict of guilty as to all defendants. As previously noted, Valle's conviction was reversed on the grounds of improper consolidation. It is important to note that Valle, the *purchaser,* was in the hallway when arrested and was not within the apartment. In the appeal before us this defendant also claims that he was prejudiced by the consolidation and joinder. We are persuaded that the procedure employed was contrary to CPL 200.40 (subd 2). However, such error was harmless. If there was any prejudice it would flow not from this consolidation, but would rather emanate from the characterization of the activities of the occupants of the apartment, one of whom was defendant, as being related to the operation of a "drug factory". No one can seriously question that this characterization, as applied to codefendant Valle, who was a purchaser of a minor quantity of heroin and who never entered this apartment, was not harmless. However, as to this defendant, the same conclusion need not follow. The credible testimony adduced at trial demonstrated that defendant was an active participant in the wholesale packaging for street distribution of a large quantity of heroin. Defendant's involvement was not of minor consequence. He obviously played a substantial role in the mass processing of these drugs. The complained of characterization was, therefore, proper as to this defendant. Moreover, the type and quantity of the items seized also manifests and justifies the denomination of this apartment as a "drug factory". Concur — Fein, J. P., Sullivan and Ross, JJ.

Sandler and Carro, JJ., dissent in a memorandum by Carro, J., as follows: A three-count indictment issued charging defendant with one count of criminal possession of a controlled substance in the first degree and two counts of criminally using drug paraphernalia. The charges stemmed from an alleged purchase of drugs made by one defendant, Valle, from another defendant, de Jesus, outside an apartment door at 1040 Fox Street in The Bronx. This crime was allegedly observed by the arresting officers, who then forced their way into the apartment and there supposedly observed this defendant trying to hide a large number of glassine envelopes. The defendants were taken into custody and the glassine envelopes, drug paraphernalia and three and one-eighth ounces of powder containing heroin were recovered. The other defendants were charged in separate indictments with the drug sale and the possession of a gun. After a joint

suppression hearing, the People moved for consolidation of the three indictments and a joint trial. Over strong objection by defendant's counsel, the court granted the motion. All three defendants were convicted after a jury trial in which evidence of the weapon and of the drug sale was introduced and references were made to a "drug factory" in the apartment. Defendant Ramon Valle's conviction was reversed on appeal *(People v Valle,* 70 AD2d 544), on the basis of an improper consolidation and joinder of the indictments in violation of CPL 200.40 (subd 2), and the prejudice that resulted to the defendant Valle by involving the charges against him with the operation of a drug mill. The same result should pertain in this case. The defendant de Jesus was tried for the sale of drugs, as well as the common possession charges. This defendant on the other hand was tried for possession of drugs and paraphernalia only. At trial, evidence was permitted of the drug sale, the weapon and the operation of a "drug factory" which was highly prejudicial to this defendant. His counsel made a strenuous objection on the record to the consolidation. The granting of that motion was a violation of CPL 200.40 (subd 1, par [a]) and was therefore an improper joinder. A reversal of defendant's conviction and a remand for a new trial should result.